UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAUSHAD PRASLA | ) |
| | ) |
| and | ) |
| | ) |
| FAIZ PRASLA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICE, | ) |
| | ) |
| CHAD WOLF, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**FILED**

**DEC 1 4 2020**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Civil Case No. 19-3815 (RJL)

MEMORANDUM OPINION

(December 14, 2020) [Dkt. #6]

On December 23, 2019, plaintiffs Naushad Prasla and Faiz Prasla (collectively,

"plaintiffs") brought suit against defendants United States Citizenship and Immigration

Service ("USCIS"), Chad Wolf, and the United States of America (collectively,

"defendants"). *See* Compl. [Dkt. #1]. Plaintiffs allege that defendants failed to timely act

on plaintiffs' appeal of a denied Form I-130, Petition for Alien Relative ("I-130").

Defendants move to dismiss the Complaint as moot, contending that after the filing of the

Complaint, USCIS forwarded the relevant administrative record of proceeding to the

1

Board of Immigration Appeals ("BIA"), and that therefore no case or controversy still exists for resolution before this Court. Upon consideration of the briefing, the relevant law, the entire record, and for the reasons stated below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

On July 22, 2016, plaintiff Naushad Prasla filed a Form I-130 with defendant USCIS, seeking to sponsor his adoptive son, Faiz Prasla, for lawful permanent residence in the United States. Compl. ¶ 13. Plaintiff Faiz Prasla concurrently filed a corresponding Form I-485 petition for adjustment of status. *Id.* ¶ 14. On March 7, 2018, defendant USCIS issued a Request for Evidence regarding the I-130 petition, to which plaintiff Naushad Prasla timely responded. *Id.* ¶ 16. On July 12, 2018, defendant USCIS issued decisions denying plaintiffs' I-130 and I-485 applications. *Id.* ¶ 18.

Plaintiff Naushad Prasla timely filed a Form EOIR-29, Notice of Appeal, which was acknowledged in a receipt issued by USCIS in August 2018. *Id.* ¶ 19. Thereafter, on August 29, 2018, plaintiff Nashaud Prasla filed a brief in support of his appeal. *Id.* ¶ 20. On November 25, 2019, counsel for plaintiff Nashaud Prasla sent a letter to USCIS to advise USCIS of counsel's change of address, notify USCIS of an apparent error on the receipt notice for the I-130 petition, and to assert that the regulatory time limit for USCIS to act on the I-130 petition had passed. *Id.* ¶ 21. Plaintiff alleges that, at least until after the filing of their Complaint on December 23, 2019, defendant USCIS took no action to either reopen and reconsider plaintiff Naushad Prasla's I-130 petition or to forward his appeal to the BIA.

The Code of Federal Regulations provides that, upon appeal of a decision of a Service officer,

> the record of proceeding shall be forwarded to the Board by the Service officer promptly upon receipt of the briefs of the parties, or upon expiration of the time allowed for the submission of such briefs. A Service officer need not forward such an appeal to the Board, but may reopen and reconsider any decision made by the officer if the new decision will grant the benefit that has been requested in the appeal. The new decision must be served on the appealing party within 45 days of receipt of any briefs or upon expiration of the time allowed for the submission of any briefs. If the new decision is not served within these time limits or the appealing party does not agree that the new decision disposes of the matter, the record of proceeding shall be immediately forwarded to the Board.

8 CFR 1003.5(b).   Plaintiff alleges that defendant USCIS, acting under authority of defendant Wolf and defendant United States of America, violated this regulation when it failed to either forward plaintiff Naushad Prasla's appeal to the BIA or reopen and reconsider its decision and grant the benefit requested in the appeal. *Id.* ¶ 27.

On April 1, 2020, defendants moved to dismiss the Complaint as moot. *See* Defs.' Mot. to Dismiss [Dkt. # 6].   Defendants represent that after the commencement of this action, on February 20, 2020, defendant USCIS forwarded plaintiff Naushad Prasla's appeal to the BIA. *Id.* at 1.   Defendants contend that, accordingly, there is no longer a case or controversy for resolution before this Court, and that the Complaint should therefore be dismissed as moot. *See id.*

## LEGAL STANDARDS AND ANALYSIS

Plaintiffs assert subject matter jurisdiction and a right to relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. 706(1).

## I.    Plaintiffs' Claim under the Mandamus Act

This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is a "drastic and extraordinary remedy" that is "reserved for really extraordinary situations." *Cheney v. U.S. Dist. Court for the Dist. Of Columbia*, 542 U.S. 367, 380 (2004).

Here, plaintiffs assert that defendants failed to perform their alleged duty under 8 C.F.R. 1003.5(b) by failing to either reopen and approve plaintiff Naushad Prasla's I-130 petition or to forward his appeal to the BIA, and should be compelled to do so. Compl. ¶¶ 36-38. Defendants, however, have already forwarded the petition to the BIA and, thus, any such request is moot.

Plaintiffs argue that defendant USCIS's failure to include in its transmission to BIA communications sent by plaintiffs' counsel to USCIS on November 25, 2019—more than a year after the Notice of Appeal and supporting briefing were filed—should defeat defendants' claim of mootness. I disagree. First, the materials included in the November 25, 2019 communication are not substantive in nature, and cannot be said to be part of the "record of proceeding" on plaintiffs' I-130 or I-485 petitions. The materials are purely procedural and were sent to USCIS more than a year after the time for briefing plaintiff Naushad Prasla's appeal expired. Moreover, I disagree that the absence of these materials casts any doubt on whether all relevant materials in the record of proceeding were included in USCIS's transmission to the BIA. USCIS has provided two affidavits from Ms. Kayla Kostelac, who affirms that she was the paralegal responsible for forwarding the record of

4

proceeding to the BIA; that she reviewed the relevant A-File for completeness prior to forwarding the record of proceeding to the BIA; and that the mailing she sent to the BIA on February 20, 2020 "included all documents from the A-file relevant to the Form I-130 adjudication and appeal." *See* Exh. 1 to Defs. Reply in Support of their Mot. to Dismiss [Dkt. # 8] ¶ 1-3.   This is more than sufficient for me to conclude that USCIS has appropriately forwarded the relevant record of proceeding to the BIA.

Plaintiff Naushad Prasla's petition is currently pending before the BIA, and there are no duties this Court can compel defendants to perform.  Therefore, plaintiffs' claim under the Mandamus Act is DISMISSED as moot.

## II.    Plaintiff's Claims under the APA

The APA, by its terms, provides a right to judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court…." 5 U.S.C. § 704.  Judicial review under the APA is not available where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Id.* § 701(a).

Plaintiffs argue that because this Court may "compel agency action unlawfully withheld or unreasonably delayed" under the APA, *see id.* § 706(1), the Court has jurisdiction over this matter due to the alleged delay in forwarding the I-130 petition to the BIA, or reopening and reconsidering the petition itself.  As discussed above, however, defendant USCIS has now forwarded the petition to BIA, and there are no further actions this Court may compel defendants to perform.  It follows that plaintiffs' claims under the APA are also DISMISSED as moot.

## CONCLUSION

For all the foregoing reasons, defendants' Motion to Dismiss Complaint as Moot is GRANTED.    A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge